[No. 22912. Department One. May 7, 1931.]

FRANCIS G. CAVERS, *Appellant*, v. LUTHER GILES, *Respondent*.[1]

*M. E. Mack* and *J. C. Farrington*, for appellant.

*L. H. Brown*, for respondent.

PARKER, J.—The plaintiff, Cavers, seeks recovery of damages claimed as the result of alleged slanderous statements made of and concerning him by the defendant, Giles, in the presence of other persons. A trial in the superior court for Whitman county, sitting without a jury, resulted in findings and judgment denying to Cavers recovery, from which he has appealed to this court.

The controlling facts found by the trial judge, well supported by the evidence, are in substance as follows: Cavers is an attorney, admitted to practice law in the courts of this state. Sometime prior to the arising of the controversy involved in this action, Cavers had commenced in the superior court an action for Giles as plaintiff against a physician as defendant, seeking recovery of damages. Thereafter, negotiations between Cavers and counsel for the physician, looking to a compromise settlement of Giles' damage claim, proceeded to the stage, on March 2, 1929, when

[1]Reported in 298 Pac. 681.

counsel for the physician offered to pay two thousand dollars in settlement of Giles' damage claim. Cavers did not communicate to Giles the making of this offer. Soon thereafter, Giles not being informed of this two thousand dollar offer of settlement, Cavers tried to induce Giles to consent to a settlement for less than half that offer of settlement, knowing that Giles was inclined to favor a settlement on some basis.

Shortly thereafter, Giles learned through others that counsel for the physician had offered to Cavers the two thousand dollars compromise settlement. Giles, accompanied by Mrs. Giles, then went to Cavers' office to confer with him about the matter. Cavers was not in. Giles and Mrs. Giles were received in Cavers' office by Mrs. Cavers, who was in charge there. She not only had a community interest in Cavers' business, but she was also active therein in a business way, though not as a practicing attorney. Their business was largely a collection business.

She knew that Giles had come to confer about his action against the physician, more particularly about a possible compromise settlement with the physician. She informed Giles that she, as well as Cavers, was authorized to attend to the matter, evidently meaning as to the prospective compromise settlement. Mrs. Cavers then invited Giles and Mrs. Giles into a private office where no one was present, save those three, the door being closed. Then and there, following some preliminary discussion, occurred the uttering by Giles of the alleged slanderous words of and concerning Cavers. The trial court found, with reference to the words there spoken,

"VI. That on, to-wit, the 14th day of March, 1929, in the City of Spokane, Washington, defendant Luther Giles in the presence of Mrs. Francis G. Cavers and Mrs. Luther Giles, stated in substance of and concern-

ing the said plaintiff: 'I feel that Mr. Cavers has double crossed me in this matter,' that 'he had reason to believe that Mr. Cavers had been extremely unprofessional in his conduct of said damage case as an attorney for said Giles,' and 'that he had talked with a postal inspector regarding a possible misuse of the mails.'

"VII. That said statements were not slanderous of the plaintiff, but instead were true.

"VIII. That other than as in the preceding paragraph No. 6 stated, said defendant at said time and place did not make any of the statements alleged to have been made by him in plaintiff's amended complaint."

It is not claimed that there were made by Giles any slanderous statements of or concerning Cavers at any other time or place.

The rule of law decisive of this case in favor of Giles is that the truth of defamatory words is a complete defense to a civil damage action for libel or slander. *Leghorn v. Review Publishing Co.*, 31 Wash. 627, 72 Pac. 485; *Ecuyer v. New York Life Ins. Co.*, 101 Wash. 247, 172 Pac. 359, L. R. A. 1918E 536; *Ecuyer v. New York Life Ins. Co.*, 107 Wash. 411, 181 Pac. 871, 186 Pac. 327; 17 R. C. L. 325.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, and MAIN, JJ., concur.