[No. C. D. 1441. *En Banc.* November 17, 1931.]

*In the Matter of the Proceedings for the Disbarment of* FRANCIS G. CAVERS.[1]

*The Attorney General* and *Lester T. Parker, Assistant,* for the state.

*M. E. Mack, J. C. Farrington,* and *Marvin Davis,* for accused.

MITCHELL, J.—Disbarment proceedings were commenced before the state board of bar examiners against Francis G. Cavers, an attorney at law. It was charged that he was guilty of dishonest acts in violation of his oath as an attorney at law, in substance as follows:

That he represented one Luther Giles, plaintiff, in a suit in the superior court against a physician and sur-

[1]Reported in 4 P. (2d) 1106.

geon for damages for alleged malpractice, under an agreement that his client was to receive fifty per cent of all sums collected in the malpractice suit; that, while the action was pending, the defendant in the suit, through his attorney of record, made an offer of settlement to Francis G. Cavers, as attorney for the plaintiff, of two thousand dollars and the cancellation of the doctor's bill for professional services rendered; that, after the offer was made, Francis G. Cavers on several occasions represented to his client that no offer of settlement had been made, and tried to get his client to accept four hundred dollars for his part in full settlement of the claim, then offered him eight hundred dollars, and finally attempted to get a release from him for the sum of nine hundred dollars.

It was further charged that the client ascertained from another that an offer of two thousand dollars had been made, showing that his attorney had misrepresented the fact to him; and thereupon he employed other counsel, through whom the damage suit was settled according to the offer theretofore made by the attorney for the defendant in the damage action.

Upon a hearing of the charges, the state board of law examiners made findings like the allegations of the complaint; and have reported and recommended that the respondent be suspended for one year from the practice of law.

The cause has been regularly heard in court and, in our opinion, upon due consideration of the arguments of counsel and the record in the case, the findings of the board are clearly justified and sustained. The recommendation of the board is approved.

It may be observed that the findings in the case are substantially similar to those made by the trial court upon that feature of the case in *Cavers v. Giles,* 162 Wash. 463, 298 Pac. 681.

It is ordered and adjudged that Francis G. Cavers be and he is suspended from the practice of law for one year.

HOLCOMB, PARKER, MAIN, BEALS, MILLARD, and BEELER, JJ., concur.